UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| DOUGLAS A. HAYDEL and MARSHA M. HAYDEL, <br><br>    Plaintiffs, <br><br>    v. <br><br> THE ALLSTATE CORPORATION, LINCOLN BENEFIT LIFE COMPANY, and DOES 1 through 50, inclusive, <br><br>    Defendants. <br> _____/ | NO. 2:10-CV-1505 FCD JFM <br><br><br> MEMORANDUM AND ORDER |

----oo0oo----

This matter is before the court on defendants' Allstate Corporation ("Allstate") and Lincoln Benefit Company's ("Lincoln") (collectively, "defendants") motion to dismiss plaintiffs' complaint pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6). In response, plaintiffs Douglas A. Haydel and Marsha M. Haydel ("plaintiffs") filed an opposition and a counter-motion to remand the matter to the Superior Court of the County of San Joaquin. Defendants oppose the counter-motion.

1

For the reasons set forth below,[1] plaintiffs' counter-motion to remand is GRANTED.

This case was removed on June 17, 2010 from the Superior Court of California, County of San Joaquin, to the United States District Court for the Eastern District of California by defendants under 28 U.S.C. §§ 1441 based on diversity jurisdiction. Plaintiffs' complaint alleges causes of action for breach of contract, breach of covenant of good faith and fair dealing, and declaratory relief. Defendants removed the case, asserting that the amount in controversy exceeded $75,000. Specifically, under the Second Cause of Action, plaintiffs seek "actual and consequential damages of $50,000, together with interest at the legal rate from and after April 16, 2010," and under the Third Cause of Action, plaintiffs seek "actual and consequential damages, including attorney fees, of $70,000 plus interest." (Compl., Ex. A to Notice of Removal, filed June 17, 2010, at 5.)

In a declaration accompanying the Motion to Remand, plaintiffs' counsel clarified that he intentionally limited the damages sought in this case to an amount not to exceed $70,000. (Decl. of Douglas A. Haydel in Support of Counter-Motion to Remand, filed July 2, 2010.) Specifically, counsel stated that the damages sought in the second cause of action for breach of contract in an amount not to exceed $50,000 are the same damages sought in the third cause of action coupled with a claim for

---

[1] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. L.R. 230(g).

1  emotional distress, which is not to exceed $20,000.  As such,
2  plaintiffs expressly concede that "the total amount recoverable
3  on any and all causes of action does not exceed $70,000, and
4  there can be no recovery on this complaint in a sum in excess of
5  $70,000."  (Id.)

6     Jurisdiction is a threshold inquiry before the adjudication
7  of any case before the court.  See Morongo Band of Mission
8  Indians v. Cal. State Bd. of Equalization, 858 F.2d 1376, 1380
9  (9th Cir. 1988).  Without jurisdiction, this court cannot
10 adjudicate the merits of this case or order any relief.  See id.
11 ("If the district court had no jurisdiction over the subject
12 matter, the action should have been dismissed, regardless of the
13 parties' preference for an adjudication in federal court.").

14    In this case, based upon the express concession in
15 plaintiffs' counsel's declaration, the amount in controversy in
16 this litigation does not exceed the sum of $75,000.  Therefore,
17 this action is improperly before this court.  Accordingly, the
18 court REMANDS this action to the Superior Court of California,
19 County of San Joaquin.[2]

20    IT IS SO ORDERED.
21 DATED: July 14, 2010

                                    FRANK C. DAMRELL, JR.
                                    UNITED STATES DISTRICT JUDGE

---

[2] Plaintiffs request attorneys' fees pursuant to 28 U.S.C. § 1447(c), which provides for the recovery of fees where "the removing party lacked an objectively reasonable basis for removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). Because it was not clear from the face of the complaint that plaintiffs sought a maximum recovery of $70,000, defendants had an objectively reasonable basis for removal. As such, plaintiffs' request for fees is DENIED.

3